```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


JIMMY D. SMITH
                                      PRISONER CASE NO.
     v.                               3:08-cv-416 (AVC)

SONDIA L. TULLIUS
```

INITIAL REVIEW ORDER

The plaintiff, incarcerated and pro se, has filed a complaint under 42 U.S.C. § 1983 (2000).  Pursuant to 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints against governmental actors "as soon as practicable after docketing," and dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  Id.

Under the Federal Rules of Civil Procedure and second circuit precedent, a pro se complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim."  Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005).  The court must assume the truth of the allegations, and interpret them liberally to raise the strongest arguments they suggest.  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  See Bell Atlantic v. Twombley, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007).  Conclusory allegations

are not sufficient.  The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim plausible."  Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

Pursuant to its review under 28 U.S.C. § 1915, the court concludes the claims against the defendant are not cognizable for the following reasons.  A prosecutor is protected by absolute immunity from a section 1983 action seeking damages "for virtually all acts, regardless of motivation, associated with his function as an advocate."  Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994).  In Imbler v. Pachtman, 424 U.S. 409 (1976), the United States Supreme Court held that a state prosecutor was absolutely immune from a civil suit to recover damages under section 1983 because the prosecutor's conduct "in initiating a prosecution and presenting the State's case" were "intimately associated with the judicial phase of the criminal process."  Id. at 430-31.

The plaintiff alleges that Connecticut State's Attorney Sondia L. Tullius is prosecuting him despite a lack of evidence that he injured his child.  Because this action involves a criminal prosecution, is against the prosecutor and the claims address the defendant's "initiating a prosecution and presenting the State's case," id., the defendant is immune from suit.  The claim against defendant Tullius is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### Orders

In accordance with the foregoing analysis, the court enters the following orders:

(1) All claims against State's Attorney Tullius are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

(2) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this ruling and order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

**SO ORDERED** at Bridgeport, Connecticut this 16th day of July, 2008.

```
      / s /
Alfred V. Covello
United States District Judge
```